# EXHIBIT C



January 3, 2020

| | |
|---|---|
| Melissa Golden<br>Lead Paralegal and FOIA Specialist<br>Office of Legal Counsel<br>Department of Justice<br>Room 5511, 950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br>Phone: (202) 514-2053<br>Email: usdoj-officeoflegalcounsel@usdoj.gov | Arnetta Mallory<br>Government Information Specialist<br>National Security Division<br>Department of Justice<br>3 Constitution Square<br>175 N Street N.E., 12th Floor<br>Washington, DC 20530-0001<br>Phone: (202) 233-2639<br>Email: nsdfoia@usdoj.gov |

Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
6th Floor
441 G St NW
Washington, DC 20530
Phone: (202) 514-FOIA

Re: Freedom of Information Act Request and **Request for Expedited Processing**

To Whom It May Concern:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

1. Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the January 2, 2020 military strike in Iraq[1] and/or the President's legal authority to launch such a strike.

---

[1] *See* Michael Crowley, Falih Hassan and Eric Schmitt, *U.S. Strike in Iraq Kills Qassim Suleimani, Commander of Iranian Forces*, N.Y. TIMES (Jan. 3, 2020), https://www.nytimes.com/2020/01/02/world/middleeast/qassem-soleimani-iraq-iran-attack.html?action=click&module=Spotlight&pgtype=Homepage.

The Protect Democracy Project, Inc.
15 Main St., Suite 312, Watertown, MA 02472

1

2. Any and all records, including but not limited to emails and memoranda, reflecting or related to communications with Congress, congressional committees, or individual members of Congress regarding the January 2, 2020 military strike in Iraq, including but not limited to records that reflect consideration of whether or not to inform Congress, congressional committees, or individual members of Congress of the strike, and/or the existence or absence of any obligation to inform Congress, congressional committees, or individual members of Congress of the strike.

The timeframe for this request is December 1, 2019 through the present.

We ask that you search for records from all components of the Department of Justice that may be reasonably likely to produce responsive results, including but not limited to the Office of Legal Counsel, the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of Legislative Affairs, and the National Security Division. We also ask that you search all systems of records, including electronic and paper, in use at your agency, as well as files or emails in the personal custody of your employees, such as personal email accounts or messaging applications on personal or government devices, as required by FOIA and to the extent that they are reasonably likely to contain responsive records. We would prefer records in electronic format, saved as PDF documents, and transmitted via email or CD-rom.

## EXPEDITED PROCESSING REQUEST

We request that you expedite the processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e). This request meets the criteria for expedited processing because it concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," 28 C.F.R. § 16.5(e)(1)(iv), and because there is an urgent need "to inform the public about an actual or alleged Federal Government activity" and the request is "made by a person who is primarily engaged in disseminating information," 28 C.F.R. § 16.5(e)(1)(ii).

There can be no question that the President's decision to initiate military action is of the utmost importance to the public. Similarly, whether the President has the legal authority to launch a military strike—or used military force without legal authorization—is a question that is fundamental to our democracy. As the U.S. District Court for the District of Columbia observed in holding that expedited processing was warranted for a very similar FOIA request filed by Protect Democracy in 2017, "[f]ew would take issue with these assertions." *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 299 (D.D.C. 2017) (granting preliminary injunction and expedited processing for FOIA request regarding military strike in Syria). The public has an immediate right to understand the administration's position with respect to the legality of the recent strike against Iran (carried out in Iraq), and to assess whether that position is justified.

Furthermore, there has been widespread media coverage, a factor which is relevant to the question of "urgency to inform the public." *See id.* The American people and their representatives have already begun debating this issue of utmost importance. As we expect the President will comply with the War Powers Resolution and notify Congress of his military actions by the evening of January 4, 2020, 48 hours after he launched these strikes launched, the public debate on how Congress should exercise its co-equal role in this serious matter will intensify at that time. There is no way for the American people to advise their representatives of the public's view on this matter without a full understanding of the legal justification on which the President acted. *See id.* at 299-300 ("[A] significant delay in processing Protect Democracy's requests would compromise a significant recognized interest. . . . In particular, if production is unduly delayed, both Protect Democracy and the public at large will be precluded . . . from obtaining in a timely fashion information vital to the current and ongoing debate surrounding the legality of a high-profile government action . . . namely, military strikes against the Syrian government. Being closed off from such a debate is itself a harm in an open democracy." (internal quotation marks and citations omitted)).

This request is made all the more urgent by the possibility of the escalation of hostilities with Iran and the fact that the President may decide to engage in further military action at any time. *See id.* at 301 ("The recent escalation in hostilities between U.S. and Syria, plus indications from the White House that another chemical weapons attack may be in the offing, make it more likely that irreparable harm will result without expedited processing of Protect Democracy's requests. . . . Military strikes cannot be undone.").

Finally, the Protect Democracy Project "easily" satisfies the requirement of 28 C.F.R. § 16.5(e)(2) that it be "primarily engaged in disseminating information." *See Protect Democracy Project*, 263 F. Supp. 3d at 298. The Protect Democracy Project regularly disseminates information and intends to disseminate the information obtained in response to this request. The Protect Democracy Project operates in the tradition of 501(c)(3) good government organizations that qualify under FOIA as "news media organizations." Like those organizations, the purpose of The Protect Democracy Project is to "gather information of potential interest to a segment of the public, use its editorial skills to turn the raw materials into distinct work, and distribute that work to an audience." *Nat's Sec. Archive v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). Indeed, The Protect Democracy Project has routinely demonstrated the ability to disseminate information about its FOIA requests to a wide audience.[2] The Protect

---

[2] *See, e.g.*, Lisa Rein, *Watchdog group, citing "integrity of civil service," sues Trump to find out if feds are being bullied*, WASH. POST, Apr. 27, 2017, https://www.washingtonpost.com/news/powerpost/wp/2017/04/27/watchdog-group-citing-integrity-of-civil-service-sues-trump-to-find-out-if-feds-are-being-bullied/?utm_term=.8647ab128f3e; Ben Berwick, *Going to Court for Civil Servants*, TAKE CARE, April 28, 2017, https://takecareblog.com/blog/going-to-court-for-civil-servants; Charlie Savage, *Watchdog Group Sues Trump Administration, Seeking Legal Rationale* Behind Syria Strike, N.Y. TIMES, May 8, 2017, https://nyti.ms/2pX82OV; Justin Florence, What's the Legal Basis for the Syria Strikes? The Administration Must Acknowledge Limits on its Power to Start a War, LAWFARE, May 8, 2017, https://www.lawfareblog.com/whats-legal-basis-syria-strikes-administration-must-acknowledge-limits-its-power-start-war.

The Protect Democracy Project, Inc.
15 Main St., Suite 312, Watertown, MA 02472

3

Democracy Project will disseminate information and analysis about this request—and any information obtained in response—through its website (protectdemocracy.org); its Twitter feed (https://twitter.com/protctdemocracy), which has more than 29,000 followers; its email list of approximately 20,000 people; and sharing information with other members of the press.

In sum, this request satisfies the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e). It is therefore incumbent upon the government and urgent for your offices to share any responsive records in an expedited fashion.

Under penalty of perjury, and pursuant to 28 C.F.R. § 16.5(e)(3), I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

<u>FEE WAIVER</u>

FOIA provides that any fees associated with a request are waived if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The core mission of The Protect Democracy Project, a 501(c)(3) organization, is to inform public understanding on operations and activities of the government. As explained in support of the request for expedited processing, this request is submitted in consort with the organization's mission to gather and disseminate information that is likely to contribute significantly to the public understanding of executive branch operations and activities. The Protect Democracy Project has no commercial interests.

In addition to satisfying the requirements for a waiver of fees associated with the search and processing of records, The Protect Democracy Project is entitled to a waiver of all fees except "reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). Federal law mandates that fees be limited to document duplication costs for any requester that qualifies as a representative of the news media. *Id.* As explained above, The Protect Democracy Project operates in the tradition of 501(c)(3) good government organizations that qualify under FOIA as "news media organizations." Like those organizations, the purpose of The Protect Democracy Project is to "gather information of potential interest to a segment of the public, use its editorial skills to turn the raw materials into distinct work, and distribute that work to an audience." *Nat'l Sec. Archive v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). Indeed, The Protect Democracy Project has routinely demonstrated the ability to disseminate information about its FOIA requests to a wide audience. *See supra* note 2. The Protect Democracy Project will disseminate information and analysis about this request—and any information obtained in response—through its website (protectdemocracy.org); its Twitter feed (https://twitter.com/protctdemocracy), which has more than 29,000 followers; its email list of approximately 20,000 people; and sharing information with other members of the press.

RESPONSIVE RECORDS

We ask that all types of records and all record systems be searched to discover records responsive to our request. We seek records in all media and formats. This includes, but is not limited to: agendas, manifests, calendars, schedules, notes, and any prepared documentation for meetings, calls, teleconferences, or other discussions responsive to our request; voicemails; e-mails; e-mail attachments; talking points; faxes; training documents and guides; tables of contents and contents of binders; documents pertaining to instruction and coordination of couriers; and any other materials. However, you need not produce press clippings and news articles that are unaccompanied by any commentary (e.g., an email forwarding a news article with no additional commentary in the email thread).

If you make a determination that any responsive record, or any segment within a record, is exempt from disclosure, we ask that you provide an index of those records at the time you transmit all other responsive records. In the index, please include a description of the record and the reason for exclusion with respect to each individual exempt record or exempt portion of a record, as provided by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). When you deem a portion of a record exempt, we ask that the remainder of the record to be provided, as required by 5 U.S.C. § 552(b).

Given the 20-day statutory deadline and our request for expedition, we hope to be as helpful as possible in clarifying or answering questions about our request. Please contact me at ben.berwick@protectdemocracy.org or (202) 579-4582 if you require any additional information. We appreciate your cooperation and look forward to hearing from you very soon.

Sincerely,

Ben Berwick
Counsel
The Protect Democracy Project