UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT DEMOCRACY PROJECT, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   20-172 (RC) |
| | : | |
| v. | : | Re Document Nos.:   31, 34 |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This FOIA lawsuit centers on a memorandum that attorneys at the Office of Legal Counsel wrote to the President's national security advisors. The memo concerned the legality of an airstrike that killed Iranian General Qassem Soleimani. In a prior order, the Court deferred ruling on the parties' cross-motions for summary judgment. *See* Order Deferring J. Defs.' Mot. Summ. J. and Pl.'s Mot. Summ. J., ECF No. 43. The Government had argued that FOIA Exemption 5—which permits agencies to withhold documents covered by civil discovery privileges—protected the OLC Memo from disclosure. The Court agreed that the presidential communications privilege applied to the memo. *See* Mem. Op. Deferring J. Defs.' Mot. Summ. J. and Pl.'s Mot. Summ. J. ("Mem. Op.") at 5–6, ECF No. 44. But without examining the memo, the Court could not evaluate the Protect Democracy Project's assertion that the Government had waived the privilege by disclosing its contents. *Id.* at 12–16. The Court thus ordered the Government to produce the OLC Memo for *in camera* inspection. *Id.* at 16–17. It has now reviewed the memo. Because the Government disclosed some of the memo's contents, it must turn over a redacted copy to the Project.

As explained previously, voluntary disclosure of privileged information waives any applicable privilege. *See In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997). Unlike the "all-or-nothing approach" that governs waiver of attorney-client privilege, however, the disclosure of information subject to an executive privilege waives the privilege only "for the document or information specifically released, and not for related materials." *Id.* So while an agency must release already disclosed portions of a requested document, it can withhold the rest. *See Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 320 F. Supp. 3d 162, 177 (D.D.C. 2018); *Nat'l Sec. Couns. v. CIA*, 960 F. Supp. 2d 101, 198 (D.D.C. 2013); *see also In re Sealed Case*, 121 F.3d at 741–42. Waiver extends only insofar as the prior disclosure and the requested information share the same content and provide the same level of detail. *Compare, e.g.*, *Protect Democracy Project*, 320 F. Supp. 3d at 177–78 (ordering the release of "the portions of the [requested] documents that contain" a paragraph "replicated" in an official's "on-the-record statement"), *with ACLU v. CIA*, 109 F. Supp. 3d 220, 241–42 (D.D.C. 2015) (rejecting waiver claim when the plaintiff "merely pointed to alleged disclosures of vaguely similar information[] but . . . failed to identity officially disclosed information that 'precisely track[ed]' or 'duplicate[d]' the information it . . . requested"), *aff'd*, 640 F. App'x 9 (D.C. Cir. 2016).[1]

Having reviewed the OLC Memo *in camera*, the Court finds that a speech by former Defense Department General Counsel Paul Ney disclosed some of the OLC Memo's contents. *See* Pl.'s Mot. Summ. J., Ex. X, ECF No. 34-29. Ney's speech repeated verbatim or closely paraphrased sentences and paragraphs from the memo. Because parts of the speech "precisely

---

[1] The Court noted in its previous opinion that some courts frame waiver in terms of the official acknowledgement test. *See* Mem. Op. at 14 n.6; *see also Protect Democracy Project*, 320 F. Supp. 3d at 171 n.3 (finding the two inquiries "basically duplicative," "at least in th[at] case"). That test requires disclosure of requested material when it is "as specific as" and "match[es]" officially disclosed information. *ACLU*, 109 F. Supp. 3d at 239 (citation omitted).

track[ed] the records sought to be released," *Assassination Archives & Rsch. Ctr. v. CIA*, 334 F.3d 55, 60 (D.C. Cir. 2003), the Government has waived privilege.[2] It must therefore release the sentences and paragraphs in the OLC Memo that Ney restated in his speech.[3]

But that is the extent of the Government's obligation to disclose. It did not waive any privilege covering facts, legal analysis, details, and sources that are present in the OLC Memo but missing from the speech. The Government can redact those pieces of information. As a result, it is unlikely that the Project will learn much new information from the Government's disclosure. Releasing the memo will merely let the Project know which sentences in Ney's speech the Office of Legal Counsel said too.

For the above reasons, Defendants' motion for summary judgment (ECF No. 31) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's motion for summary judgment (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART**. It is hereby:

**ORDERED** that Defendants shall release to Plaintiff a copy of the disputed memorandum that discloses the following sentences and paragraphs, excluding sources cited unless noted—

- Page 1, first paragraph, first sentence
- Page 2, first complete paragraph, first sentence; next paragraph, first sentence
- Page 3, first complete paragraph in its entirety; next paragraph, first sentence
- Page 4, second complete paragraph in its entirety

---

[2] The Government does not argue that Ney's speech was anything other than an official and documented disclosure. *See* Defs.' Reply Supp. Mot. Summ. J. at 6–10, ECF No. 39.

[3] The OLC Memo also contains a few sentences that were repeated in the notice the President sent Congress regarding the Soleimani strike and a statement the President gave when vetoing a congressional joint resolution asking him to cease hostilities with Iran. Because those sentences are essentially reiterated in Ney's speech, they do not require separate treatment.

- Page 5, first complete paragraph, first and second sentences; second complete paragraph, first and second sentences; third complete paragraph, second sentence; next paragraph in its entirety

- Page 6, first complete paragraph, third sentence; next paragraph in its entirety

- Page 7, first complete paragraph, first, second, and third sentences

- Page 8, first complete paragraph, first, second, and third sentences; second complete paragraph, second sentence

- Page 10, second complete paragraph, first and second sentences; third complete paragraph, first and second sentences

- Page 11, second complete paragraph in its entirety

- Page 12, final paragraph, second sentence

- Page 13, first complete paragraph, second sentence (with source)

- Page 14, final paragraph, first sentence

- Page 15, first complete paragraph, second sentence

- Page 17, first complete paragraph, second and third sentences

- Page 18, first complete paragraph, second and fourth sentences; second complete paragraph, first, second, and fifth sentences

- Page 19, first complete paragraph, first, second, and third sentences

- Page 20, first complete paragraph in its entirety; second complete paragraph in its entirety; third complete paragraph, first, second, and third sentences (with source)

**SO ORDERED**.

Dated: May 17, 2021                                              RUDOLPH CONTRERAS
                                                                 United States District Judge